Exhibit A

18SL-CC03173

Electronically Filed - St Louis County - August 15, 2018 - 11:50 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CASSANDRA RUSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| WIDEWATERS HOTELS ) | |
| d/b/a Holiday Inn, ) | |
| HOLD FOR SERVICE ) | |
| ) | |
| Defendant. ) | |

## **PETITION**

### **PARTIES & JURISDICTION**

COMES NOW Plaintiff Cassandra Russ, by and through her attorneys, and for her Petition against the above-named Defendants, alleges and states as follows:

1. This is an action for compensatory and punitive damages, brought pursuant to the Missouri Human Rights Act, 213.010.1 *et seq.* because Plaintiff, while an employee of Widewaters Hotels d/b/a Holiday Inn, was subjected to unlawful discrimination because of her sex due to her refusal to submit to and/or engage in sexual acts demanded by her supervisor and then was later subjected to unlawful retaliation because she opposed and reported the sexual harassment.

2. Plaintiff, Cassandra Russ (hereinafter "Plaintiff" or "Russ"), is an individual residing in St. Louis City in the State of Missouri.

3. Defendant Widewaters Hotels is a New York corporation, doing business in the State of Missouri in St. Louis County as Holiday Inn ("Defendant" or "Holiday Inn") and is an employer within the definition of the Missouri Human Rights Act.

4. During all time relevant to this Petition, Jones was a Holiday Inn employee and acting directly in the interests of defendant Holiday Inn.

5. Plaintiff requests a jury trial of all claims.

6. Venue is proper in the County of St. Louis because Defendant does business herein, and all of the events complained of herein occurred in St. Louis County, Missouri.

7. Plaintiff filed a Charge of Discrimination, which was dual filed with the EEOC and with the Missouri Commission on Human Rights within 180 days of her termination. She received a Notice of Right to Sue Letter on July 24, 2018 from the Missouri Commission on Human Rights and has timely filed this action within 90 days of receipt of that Notice of Right to Sue Letter. (See the attached Exhibit 1).

**COUNT I –Sexual Harassment - Quid Pro Quo**

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count I of her Petition, states as follows:

8. Plaintiff incorporates the preceding paragraphs of this Petition into Count I of this Petition as if fully set forth herein.

9. Plaintiff was employed as a room attendant at Holiday Inn at the time of her illegal termination on or around July 21, 2017. In total, Plaintiff has worked for Holiday Inn for nearly twenty (20) years. Whitewater Hotels took ownership of Holiday in or around 2011 and Plaintiff remained employed at Holiday Inn and retained her seniority.

10. In or about October of 2016, Mike Jones became the housekeeping manager and almost immediately began harassing the female employees at Holiday Inn. By way of example, but not limitation, Jones would make comments about female employees' bodies, make comments about their looks, and engage in unwanted sexual commentary.

11. The conduct and actions of Defendant constituted unwelcome conduct of a sexual nature.

12. Plaintiff refused to engage in such activity and made it known to Mike Jones and others that she would not engage in or tolerate such behavior.

13. As a result of Plaintiff's refusal to engage in or tolerate such behavior from her supervisor, Plaintiff was demoted to part-time and another employee, who was participating in such conduct with Mike Jones and making plans to meet up with after work, was promoted over Plaintiff and given full time hours and better assignments even though Plaintiff had seniority over that employee.

14. For example, previously Plaintiff was assigned as the lobby attendant and supervisor and worked five days a week. On January 24, 2017, Plaintiff sent a formal complaint to corporate offices for Holiday Inn complaining about the demotion and the decrease in hours based upon the sexual discrimination.

15. Upon information and belief, other female employees complained to Holiday Inn about Mike Jones' conduct.

16. In retaliation for Plaintiff's complaint and refusal to engage in unwanted conduct of a sexual nature, Plaintiff began being disciplined unfairly and for false reasons.

17. On July 21, 2017, Plaintiff was terminated for false and pretextual reasons to cover up her illegal termination.

18. As a direct and proximate result of Plaintiff's termination by Defendants, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

19. Defendant's conduct caused Plaintiff degradation, pain, anguish, anxiety and distress.

20. The conduct described herein would have detrimentally affected a reasonable person of the same sex in Plaintiff's position.

21. The conduct of Defendants was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendants to punish and deter defendants and others from similar conduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A. Order Defendants to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendants, jointly and severally, in such sum as this court believes is fair and reasonable;

C. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT II –Retaliation**

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count II of her Petition, states as follows:

22. Plaintiff incorporates the preceding paragraphs of this Petition into Count II of this Petition as if fully set forth herein.

23. Plaintiff engaged in protected activity in complaining about Mike Jones' conduct, unwelcome sexual conduct, and treating other employees more fairly for engaging in quid pro quo sexual favors.

24. Defendant failed to effectively respond to Plaintiff's complaint and instead began retaliating against her for making her complaints by disciplining her unfairly and ultimately terminating her for false and pretextual reasons.

25. Defendants' conduct caused Plaintiff pain, anguish, anxiety and distress.

26. As a direct and proximate result of Plaintiff's termination by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

27. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages from Defendants to punish Defendants and to deter Defendants and others from similar conduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A. Order Defendants to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

5

  C. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

  D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

        Respectfully submitted,

        **NEWTON BARTH, L.L.P.**

  By: /s/ *Brandy B. Barth*
      Brandy B. Barth, 56668MO
      555 Washington Ave., Suite 420
      St. Louis, Missouri 63101
      (314) 272-4490 – Telephone
      (314) 762-6710 – Facsimile
      brandy@newtonbarth.com
      Attorneys for Plaintiff